UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Victor Fields,　　　　　　　　　　　　　　　File No. 20-cv-2227 (ECT/HB)

      Plaintiff,

v.

Ashlee Berts, Lt. Gary Peterson, Rebecca
Fratzke, Scott Hadrava, Robert Steele, B.
Tatum, Paul Schnell, Amanda Biggins,
Stacy Olson, Watrin, Trevor Brewer, J.
Charbeau, Heather Emerson or Nelson,
Allison Hunt, Tammy Beavens, Kristy　　　　**OPINION AND ORDER**
Shoemaker, Tom Soles, Michelle Saari,
Eric Rasmussen, J. Pugh, Miranda Stenlund,
Kenneth Peterson, Vickie Janssen, Michelle
Smith, John Doe (Tawny Kraemer), Barnes,
John Doe Special Operations Response
Team Members, John Doe Crisis
Intervention Teams (Staffs/Officers), C-I-T,
MCF-Rush City, John Doe (Internal
Investigative Staffs & Officers), Office
Special Investigators–OSI, John Doe,

      Defendants.

---

Pro se Plaintiff Victor Fields—an inmate in the Minnesota state prison system—brought this action under 42 U.S.C. § 1983 against several state agencies and numerous state officials in their individual and official capacities. ECF Nos. 1, 5, 8. The core allegation of Fields's lawsuit is that Defendants have conspired and are conspiring to have other inmates physically assault him and to harm him in other ways.

The case is before the Court on an Order and Report and Recommendation ("R&R") issued by Magistrate Judge Hildy Bowbeer. ECF No. 35. First, as relevant here, Magistrate

Judge Bowbeer concluded that Fields's Second Amended Complaint, ECF No. 8, is the operative complaint in the case, construed several of Fields's subsequent filings as an implicit request to amend the Second Amended Complaint, *see* ECF Nos. 12, 15–17, 22, 25, 31–32, and denied the request to amend. R&R at 6–8. Because Fields objects to that non-dispositive ruling, Pl.'s Objs. at 1–2 [ECF No. 41], it will be reviewed and set aside if it is "clearly erroneous or . . . contrary to law." L.R. 72.2(a)(3); *see* 28 U.S.C. § 636(b)(1)(A). Second, Magistrate Judge Bowbeer recommended dismissing the Second Amended Complaint in part and denying Fields's motion for a temporary restraining order and preliminary injunction. R&R at 9–13. Those recommendations for dispositive action will be reviewed de novo. *See* 28 U.S.C. § 636(b)(1); L.R. 72.2(b)(3). After the R&R was issued, Fields filed a new motion entitled "Urgent Emergency My Life Is In Danger By Prison Officials, Officers, Staffs, And Offenders." ECF No. 40. For the following reasons, Magistrate Judge Bowbeer's denial of Fields's implicit motion to amend the Second Amended Complaint will be affirmed, the R&R will be accepted, and Fields's new motion will be denied.

I

Start with the non-dispositive ruling. After Fields filed his Second Amended Complaint, he filed several other documents that "purport to supplement the Second Amended Complaint." R&R at 7; *see* ECF Nos. 12, 15–17, 22, 25, 31–32. These filings are difficult to follow, and as the R&R notes, Fields does not explain "what the Court is to do with the new information and how it compares to what the Second Amended Complaint already contains." R&R at 8. Magistrate Judge Bowbeer understood the filings as an

2

implicit request to amend the Second Amended Complaint and denied that request because the filings did not comply with Federal Rule of Civil Procedure 15(a) and District of Minnesota Local Rules 7.1 and 15.1. *Id.* Fields objects to this conclusion and argues that, at the very least, his submissions should be accepted as "evidence to support" the Second Amended Complaint. Pl.'s Objs. at 1–2.

The objection will be overruled and Magistrate Judge Bowbeer's ruling will be affirmed. Local Rule 15.1 requires an amended pleading to be "complete in itself" and imposes procedural requirements on a motion to amend. L.R. 15.1(a)–(b); *see also id.* 7.1 (providing general requirements for civil motions). Among other things, a party seeking leave to amend a pleading must include a "proposed amended pleading that shows . . . how the proposed amended pleading differs from the operative pleading." *Id.* 15.1(b). Fields's filings do not comply with this requirement. As the R&R reasonably observed, integrating the numerous new filings into an amended pleading and comparing it to the Second Amended Complaint would involve an "unacceptable burden on the Court and Defendants." R&R at 8. Under these circumstances, it would be inappropriate to excuse Fields's non-compliance with the Local Rules. *See Occhino v. Geo. Sherman & Assoc.*, No. 19-cv-2546 (ECT/LIB), 2019 WL 6918394, at *1 n.2 (D. Minn. Nov. 15, 2019), *report and recommendation adopted*, 2019 WL 6910152 (D. Minn. Dec. 19, 2019); *see also Mendez v. FMC Facility Section*, No. 19-cv-2820 (NEB/TNL), 2020 WL 2125361, at *1 (D. Minn. May 5, 2020) (explaining that a pro se litigant must comply with local rules).

II

Next, Magistrate Judge Bowbeer recommended dismissing two categories of claims in the Second Amended Complaint for lack of subject-matter jurisdiction. R&R at 9–11; *see* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "[i]f the court determines at any time that it lacks subject-matter jurisdiction"); *accord* 28 U.S.C. § 1915A.[1] First, Magistrate Judge Bowbeer concluded that the Eleventh Amendment bars the claims that Fields appears to assert against three state entities: MCF–Rush City, the Minnesota Department of Corrections Office of Special Investigations, and the MCF–Rush City Crisis Intervention Team. R&R at 9–10.[2] Fields argues that it would be premature to dismiss these claims before the state entities have had an opportunity to consent to the suit. Pl.'s Objs. at 2–3.

Magistrate Judge Bowbeer's recommendation will be accepted. The Eleventh Amendment bars suit against state agencies. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Courts regularly dismiss claims on this basis before service "when there are no factual allegations showing that [the state entity] has waived its immunity and consented to be sued[.]" *Geiger v. Minn. Dep't of Human Servs.*, No. 13-cv-2140 (JRT/LIB), 2013 WL 5596599, at *3 (D. Minn. Oct. 11, 2013); *see also, e.g.*, *Billups v.*

---

[1] Although Rule 12(h)(3) refers to the dismissal of an "action," courts have understood the rule to permit the dismissal of individual claims within an action. *See, e.g.*, *Munt v. Roy*, No. 18-cv-3390 (DWF/ECW), 2019 WL 3292052, at *2 n.2 (D. Minn. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 2537933 (June 20, 2019).

[2] The docket in this case refers to "Office Special Investigators—OSI" and "C-I-T." Magistrate Judge Bowbeer understood these terms to refer to the Office of Special Investigations and MCF–Rush City's Crisis Intervention Team, *see* R&R at 9, and Fields does not challenge this understanding.

*Minn. Dep't of Corr.*, No. 19-cv-2581 (NEB/DTS), 2021 WL 1625656, at *2–3 (D. Minn. Apr. 27, 2021). Nothing in the record indicates that the state entities in this case have waived their Eleventh Amendment immunity from suit. *See Lewis v. Minnesota*, No. 19-cv-3077 (NEB/DTS), 2020 WL 881712, at *1 (D. Minn. Feb. 24, 2020) ("Minnesota has not waived its sovereign immunity from § 1983 claims." (cleaned up)). The claims against them will therefore be dismissed without prejudice.

Fields also asserts claims for damages against a number of individual Defendants and indicates that these Defendants are being sued in both their official and their individual capacities. ECF No. 8 at 1, 4. Magistrate Judge Bowbeer concluded that any damages claims against the individual Defendants in their official capacities should be dismissed without prejudice. R&R at 10–11. Fields objects to this conclusion, Pl.'s Objs. at 3, but it is the correct one. "The Eleventh Amendment bars claims for damages against state employees in their official capacities." *Greene v. Osborne-Leivian*, No. 19-cv-533 (ECT/TNL), 2021 WL 949754, at *6 (D. Minn. Mar. 12, 2021) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985), and *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999)). Fields's remaining claims against the individual Defendants will proceed past the screening stage.[3]

---

[3] The R&R screened Fields's Second Amended Complaint only for claims over which there is no subject-matter jurisdiction. R&R at 11 n.6. Going forward, Defendants are not precluded from arguing that there is some other basis to dismiss the action. *See Albert v. GEICO Gen. Ins. Co.*, No. 18-cv-113 (SRN/SER), 2018 WL 10798617, at *1 (D. Minn. Mar. 16, 2018).

III

Fields's motions are the final matters to address. Around the time he filed his original complaint, Fields filed a motion for a temporary restraining order and preliminary injunction. ECF No. 2. The motion is difficult to understand, but Fields's central allegation seems to be that Defendants are conspiring to have other inmates assault him. *Id.* at 1–2. For relief, he seeks an order directing his transfer out of Minnesota and into another state's prison system. *Id.* at 2. Magistrate Judge Bowbeer recommended denying this motion both because Fields had not complied with the applicable procedures in Federal Rule of Civil Procedure 65 and because he had not carried his burden to show that preliminary injunctive relief was warranted. R&R at 11–13.

Setting aside any procedural defects in the motion,[4] Fields has not shown that relief is warranted at this stage. A preliminary injunction is an "extraordinary remedy." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted); *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). The Eighth Circuit's familiar *Dataphase* decision describes the list of considerations applied to decide whether to grant preliminary

---

[4] The R&R correctly notes that the record does not show that Fields served Defendants with this motion or "certifie[d] in writing any efforts made to give notice" of the motion "and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(a)(1), (b)(1)(B). Failure to comply with these procedural requirements is reason enough to deny a motion for a temporary restraining order or preliminary injunction. *See, e.g.*, *Evenstad v. Schnell*, No. 20-cv-864 (SRN/LIB), 2020 WL 3806147, at *3 (D. Minn. May 14, 2020), *report and recommendation adopted*, 2020 WL 3802725 (D. Minn. July 7, 2020). Nonetheless, because counsel for Defendants entered an appearance after the R&R was issued, ECF No. 51, this order will assume, without deciding, that Defendants are "on notice" of Fields's motion, Fed. R. Civ. P. 65(a)(1), and that a preliminary injunction is not procedurally barred on that basis.

injunctive relief: "(1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm that the relief would cause to the other litigants; and (4) the public interest." *Lexis-Nexis v. Beer*, 41 F. Supp. 2d 950, 956 (D. Minn. 1999) (citing *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 112–14 (8th Cir. 1981) (en banc)). "The burden of establishing the four factors lies with the party seeking injunctive relief." *CPI Card Grp., Inc. v. Dwyer*, 294 F. Supp. 3d 791, 807 (D. Minn. 2018) (citation omitted). Fields has not met that burden here. He refers in a passing and conclusory manner to the *Dataphase* factors, ECF No. 2 at 1–2, but his motion principally repeats the core allegations of the Second Amended Complaint: that Defendants are engaged in a conspiracy to harm him in a number of ways. Without any substantiation, these allegations are insufficient to justify the extreme remedy of a judicially ordered transfer to another state's prison system.

After Magistrate Judge Bowbeer issued the R&R, Fields submitted an additional motion entitled "Urgent Emergency My Life Is In Danger By Prison Officials, Officers, Staffs, And Offenders." ECF No. 40. This motion appears to add allegations of conduct by some Defendants that post-dates Fields's previous filings, and it seeks an order directing a criminal investigation and ongoing judicial supervision of Defendants. *Id.* at 3.[5] Insofar as the motion seeks to amend the Second Amended Complaint, it will be denied because, like Fields's earlier submissions, it does not comply with Local Rule 15.1. Insofar as it

---

[5] Shortly after filing this new motion, Fields's filed a document entitled "Exhibits #25," which refers to the most recent motion, contains similar allegations, and seeks similar relief. ECF No. 50. That document has been considered alongside the motion.

7

seeks additional preliminary injunctive relief, it will be denied for the same reasons as Fields's original motion for a temporary restraining order and preliminary injunction. Specifically, Fields does not sufficiently address the *Dataphase* factors or otherwise provide sufficient legal or factual support to show that preliminary injunctive relief is justified here.

Based on the foregoing, and on all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Plaintiff's Objections to the Order and Report and Recommendation [ECF No. 41] are **OVERRULED**;

2. The Order and Report and Recommendation [ECF No. 35] is **ACCEPTED**;

3. Magistrate Judge Bowbeer's denial of Fields's implicit motion to amend the Second Amended Complaint is **AFFIRMED**;

4. Plaintiff's claims against MCF Rush City, "Office of Special Investigators—OSI," and "C-I-T" are **DISMISSED WITHOUT PREJUDICE**;

5. Plaintiff's claims for damages against the individual Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE**;

6. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 2] is **DENIED**;

7. Plaintiff's Motion for Urgent Emergency My Life Is In Danger [ECF No. 40] is **DENIED**;

8. Judgment shall be entered only on the denial of Plaintiff's requests for a preliminary injunction in the Motions for Temporary Restraining Order and Preliminary Injunction and Urgent Emergency My Life Is In Danger [ECF Nos. 2, 40].

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 3, 2021

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court