UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Victor Fields,

      Plaintiff,

v.

Ashlee Berts, Lt. Gary Peterson, Rebecca Fratzke, Scott Hadrava, Robert Steele, B. Tatum, Paul Schnell, Amanda Biggins, Stacy Olson, Watrin, Trevor Brewer, J. Charbeau, Heather Emerson or Nelson, Allison Hunt, Tammy Beavens, Kristy Shoemaker, Tom Soles, Michelle Saari, Eric Rasmussen, J. Pugh, Miranda Stenlund, Kenneth Peterson, Vickie Janssen, Michelle Smith, John Doe (Tawny Kraemer), Barnes, John Doe Special Operations Response Team Members, John Doe Crisis Intervention Teams (Staffs/Officers), John Doe Internal Investigative Staffs & Officers, John Doe,

      Defendants.

File No. 20-cv-2227 (ECT/JFD)

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

---

This case is before the Court on a Report and Recommendation [ECF No. 156] issued by Magistrate Judge John F. Docherty. Magistrate Judge Docherty recommends granting Defendants' motion for summary judgment and dismissing Plaintiff Victor Fields's remaining claims with prejudice on the grounds that Fields failed to exhaust his remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). R&R at 19. Fields filed objections to the Report and Recommendation. ECF No. 160. Defendants responded to Fields's objections, arguing that the R&R be adopted "in its entirety." ECF

No. 162.  Because Fields has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that de novo review and has concluded that Magistrate Judge Docherty's analysis and conclusions are correct.

In addition, Fields's "Motion to Order Additional Facts upon Defendants/MN Department of Corrections Employees/Officials," ECF No. 157, will be denied.  After Magistrate Judge Docherty issued the Report and Recommendation, Fields submitted this motion, apparently seeking to supplement the record with an additional, journal-like narrative about his prison goings-on beginning in November 2022—years after the complained-about failure to protect and excessive force claims arose.  The facts provided in this narrative, which are not part of the summary judgment record, appear unrelated to Fields's failure to protect and excessive force claims, and they offer nothing that would alter the analysis of the Report and Recommendation.  Moreover, because this Court will adopt in its entirety Magistrate Judge Docherty's Report and Recommendation on the basis of Fields's failure to exhaust his remedies under the PLRA, Fields's motion is moot.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 160] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 156] is **ACCEPTED** in full;

3. Defendants' Motion for Summary Judgment [ECF No. 136] is **GRANTED**;

4.  The action is **DISMISSED WITH PREJUDICE**;[1] and

5.  Plaintiff's Motion to Order Additional Facts Upon Defendants/MN Department of Corrections Employees/Officials [ECF No. 157] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 31, 2023

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court

---

[1] Under the PLRA, failure to exhaust administrative remedies is an affirmative defense, and the burden of proving it is on defendants. *Lenz v. Wade*, 490 F.3d 991, 993 n.2 (8th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199, 204, 212, 216 (2007)); *see also Nixon v. Sanders*, 243 Fed. App'x 197, 199 (8th Cir. 2007). All of the deadlines for exhausting his claims have long passed, and the suit must therefore be dismissed with prejudice. *See Fisherman v. Rasmussen*, No. 12-cv-2554 (JRT/JSM), 2013 WL 3354509, at *9 (D. Minn. July 3, 2013).